# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
    **JUDGE**

## LETTER OPINION

December 15, 2008

Moses Delbridge
1016 Broadway
Bayonne, NJ 07002
*Pro-se Plaintiff*

Kelly Bannister
Buchanan Ingersoll & Rooney PC
1835 Market Street, 14th Floor
Philadelphia, PA 19103
*Attorney for Defendants Acme Markets, Inc. and Robert George*

    Re:    *Delbridge v. Acme Food Corp.*
             Civil Action No. 08-4821(WJM)

Dear Litigants:

    The relevant aspects of this employment dispute arise from Defendant Acme Markets, Inc.'s (incorrectly pled as Acme Food Corp.)("Acme") termination of Plaintiff Moses Delbridge's employment.  Defendant Robert George, an employee of Defendant Acme, moved to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons stated below, Defendant George's motion to dismiss is **GRANTED**.

    I.    **FACTS AND PROCEEDINGS**

    Plaintiff alleges that he was employed by Defendant Acme until September 26, 2006.  After being fired, Plaintiff brought an action *pro se* in the Superior Court of New Jersey alleging employment discrimination based upon race and violations of his rights as a union member.  Although Plaintiff's Complaint lays forth few specific facts, it appears that Plaintiff generally claims (1) wrongful termination by Defendant Acme due to racial discrimination, (2) violations of the National Labor Relation's Act (pled as violations of

Plaintiff's "Weingarten rights"), and (3) a failure to provide a fair arbitration hearing. The only specific allegations against Defendant George are that: (1) during an investigation, Defendant George told Plaintiff that his shop-steward was not available, despite knowing that his shop-steward was available; and (2) Defendant George willfully lied during an arbitration hearing regarding the reasons for the termination of Plaintiff's employment.[1]

Defendants removed the Complaint to federal court on September 26, 2008 based upon the theory that some, if not all, of Plaintiff's claims against Defendants involve violations of the collective bargaining agreement between Defendant Acme and the United Food & Commercial Workers Union Local 1245 ("UFCW") and are preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"). On October 3, 2008, Defendant George moved to dismiss Plaintiff's Complaint for failure to state a claim. Plaintiff opposed. The motion is now properly before the Court.

## II. DISCUSSION

### A. Standard of Review

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). All allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears that no relief could be granted "under any set of facts that could be proved consistent with the allegations," a court may dismiss a complaint for failure to state a claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Although a complaint need not contain detailed factual allegations, "the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level. *See id.* at

---

[1] Plaintiff provides additional factual detail in his opposition to Defendant George's motion to dismiss. The Court, however, cannot consider these additional facts in its evaluation of the motion to dismiss as they are not pled in the Complaint.

1964-65. Furthermore, although a court must view the allegations as true in a motion to dismiss, it is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F. 3d 187, 211 (3d Cir. 2007).

Pleadings filed by plaintiffs *pro se* are subject to additional considerations by the Court. Although a complaint must allege sufficient facts to suggest all of the required elements of a claim, a complaint filed *pro se* must be construed liberally in favor of the plaintiff and are held to a less stringent standard than pleadings filed by attorneys. *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081, 1086 (2007). The Court, cognizant of Plaintiff's *pro-se* status, construes Plaintiff's pleadings liberally.

**B.    Discussion**

Section 301(a) of the LMRA provides federal jurisdiction over "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). This statute preempts any state law claims which depend upon the meaning of a collective bargaining agreement. *See Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988); *Angst v. Mack Trucks, Inc.*, 969 F.2d 1530, 1536 (3d Cir. 1992). Thus, "questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985). Where the resolution of a state law claim is substantially dependent upon the analysis of terms in a collective bargaining agreement, the claims must either be treated as a § 301 claim or dismissed as preempted by federal law. *Id*. at 220.

It is well-settled that § 301 claims for damages cannot be maintained against individual union officers. *See Complete Auto Transit, Inc. v. Reis*, 451 U.S. 401, 402 (1981). The Supreme Court noted that "the legislative history of § 301 clearly reveals Congress' intent to shield individual employees from liability for damages arising from their breach of . . . a collective bargaining agreement, whether or not the union participated in or authorized the illegality." *Id*. This protection from individual liability has been extended to attorneys acting on behalf of the union in suits brought by union members. *See Carino v. Stefan*, 376 F.3d 156, 161-162 (3d Cir. 2004). Additionally, the few courts that have addressed the specific question of whether § 301 authorizes suits by an employee against supervisors of an employer have concluded that it does not. *See, e.g.*, *Deray v. Larson*, 283 F. Supp. 2d 706, 710 (D. Conn. 2003)(collecting cases). This Court sees no argument in favor of departing from these cases.

In turning to the facts of this case, Plaintiff's claims against Defendant George arise out of the collective bargaining agreement between Defendant Acme and the UFCW. Although the specific claims against Defendant George are not entirely clear, these claims, construed liberally in favor of Plaintiff, primarily concern: (1) Defendant George's role in denying Plaintiff access to his UFCW representative during Acme's investigation of Plaintiff,[2] and (2) Defendant George's role during an arbitration hearing held pursuant to the collective bargaining agreement.[3] As Defendant George's duties to Plaintiff, if any, arise from the collective bargaining agreement and require its interpretation, Plaintiff's claims against Defendant George are subject to preemption by § 301. Moreover, given that Plaintiff cannot maintain §301 claims for damages against an employee of Defendant Acme, Plaintiff's claims against Defendant George must be dismissed with prejudice.

The Court, however, will not dismiss Plaintiff's Complaint against Defendant George at this time. The Court notes that although Plaintiff failed to plead sufficient facts to sustain a claim of employment discrimination against Defendant George in his Complaint, Plaintiff, in his opposition brief, specifically alleges that Defendant George acted in discrimination based upon race.

Although Plaintiff cannot maintain a federal employment discrimination claim against an individual employee of Acme, *see Sheridan v. E.I. Dupont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996)(finding that Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-1 *et seq*. does not authorize suits against individual employees), Plaintiff may be able to assert a valid state law claim. New Jersey's Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1 to -49, allows suits against employees for aiding or abetting an employer pursuant to N.J.S.A. 10:5-12e. *See Tarr v. Ciasulli*, 181 N.J. 70, 83 (2004). In order to plead aiding and abetting liability under LAD, a plaintiff must show that "(1) the party whom the defendant aids [] perform[ed] a wrongful act that causes an injury; (2) the defendant [was] generally aware of his role as part of an overall illegal or tortious activity at the time that he provide[d] the assistance; [and] (3) the defendant [] knowingly and substantially assist[ed] the principal violation." *Id*. (quotations omitted). Plaintiff has not pled facts suggesting any such liability with

---

[2] To the extent that Plaintiff asserts a claim against Defendant George pursuant to *NRLB v. Weingarten, Inc*., 420 U.S. 251, 256 (1974), such a claim must be dismissed as within the exclusive competence of the National Labor Relations Board and are therefore preempted. *See Voilas v. General Motors Corp*., 170 F.3d 367, 378 (3d Cir. 1999).

[3] Even if the Court were to consider the additional facts submitted in Plaintiff's opposition brief, the Court would nevertheless conclude that Plaintiff's allegations are properly characterized as claims arising under § 301. (Pl.'s Br. in Opp. to Dismissal of Def. George 4-6.)

regards to Defendant George.  Nevertheless, given Plaintiff's *pro-se* status, the Court will grant Plaintiff leave to amend his Complaint within thirty (30) days of this Letter Opinion to plead sufficient facts establishing a claim under LAD against Defendant George.

### III.     CONCLUSION

For the reasons stated above, Defendant George's motion to dismiss will be **GRANTED** and Plaintiff's §301 claims against Defendant George will be **DISMISSED WITH PREJUDICE**.  Plaintiff will be granted leave to file an Amended Complaint curing the deficiencies noted herein within thirty (30) days.  If Plaintiff fails to cure the noted deficiencies by way of an Amended Complaint, the Court *sua sponte* will dismiss this Complaint with prejudice against Defendant Robert George.  An appropriate Order follows.

                                               s/William J. Martini
                                               **William J. Martini, U.S.D.J.**