```
                              MFC1
                         MOSES DELBRIDGE
                         1016 BROADWAY
                         BAYONNE, N. J. 07002
                         (201) 455-8258
```

JANUARY 17, 2009

ATTN: Honorable Judge William J. Martini
United States District Court
Martin Luther King Building & U. S. Courthouse
50 Walnut Street, Rm 4015
Newark, N. J. 07102

RE: M. DELBRIDGE V. ACME FOOD CORPS. &
    ROBERT GEORGE

CASE NO. 08-4821

Dear Judge,

Enclosed, please find my amended complaint pursuant to this matter. I hope the form is acceptable.

Sincerely,

*[signature]*

MOSES DELBRIDGE

Page 1

JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**: Moses Delbridge

**DEFENDANTS**: ACME Food Corp, and Robert George.

(b) County of Residence of First Listed Plaintiff: Hudson

County of Residence of First Listed Defendant: _____

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address): Pro-Se

Attorneys (If Known): Kelly L. Bannister, Esq, 1839 Market St. 14th Floor, Philadelphia, PA 19103-2982

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☒ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☒ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**: Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): Section 301 of LMRA, 29 U.S.C. 185, + N.J. S.A 10:5-1 - 10:5-49

Brief description of cause: Wrongful Discharge, Discrimination-Discharge

**VII. REQUESTED IN COMPLAINT**: ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 25,000.00 Back Pay   CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S)** (See instructions):   JUDGE: _____   DOCKET NUMBER: _____

Explanation: _____

DATE: 1/13/09

SIGNATURE OF ATTORNEY OF RECORD: [signature]

## "AMENDED COMPLAINT"

Plaintiff, Moses Delbridge, residing at 1016 Broadway, Bayonne, N. J. 07002, does complain of Acme Food Corp, and Robert George, of 2 Garfield Ave, Jersey City, N. J. 07304,{Defendants} for the following reasons.

1. Plaintiff was employeed by defendants in July 2004. The plaintiff was a very good employee, and had **"never missed a day of work"**. During plaintiff's employment, July 2004 to Oct. 2006, plaintiff was routinely called into work on his day off(many, many, many times), and never refused defendant, Acme Food Corp.

2. At some time in 2006, defendants discovered at least one employee(Black female), was cheating the company via over using illegal coupons, and probably another Black employee. While defendants might have had evidence against one or more employees, they did not have evidence that the **"other Black employees"(which are Black employees hired between July 2004 and before September 2006). Plaintiff will refer to these Black employees are "newly hired"**.

3. Plaintiff contends that the defendants acted with **"malice" in two ways: (A). Defendants did not want to trust any of the newly-hired Blacks, with the mind set**

that, **If one Black steals, then the rest must**, and set out to find a way to discharge all the newly hired, but specifically Blacks.

4. The other objective of defendants(B), was to dismiss this "Block" of newly hired Blacks before the new Federally mandated **"minimum wage increase"**. The newly hired caucasions, and other minorities were not dismissed. However, at least 6 or 7 Blacks were.

5. In order to achieve defendants' goals, defendant George was the catalyst. Defendants knew they had no evidence against most of the Black employees, like plaintiff, therefore they had robert George conduct interrogations of employees(like plaintiff), by knowingly violating the **Weingarten Rules"**.

6. Defendant George contacted the union and advised the "shop-steward" that he intended to interview a couple of employees on September 26, 2006. While the shop-steward had the two employees upstairs at 2 Garfield Ave, Jersey City, defendant George was secretly conducted interviews downstairs without the shop-steward being present.

7. On September 26, 2006 when plaintiff arrived at work, he was ordered to go to a room. When he did

arrive at said room, he was met by defendant George. When George advised plaintiff of the investigation, plaintiff immediately asked for "Kathy" (shop-steward) however, defendant George **"LIED"** to plaintiff, explaining that Kathy was not there, unavailable. Plaintiff being nieve, sat down while George proceded. George asked the plaintiff to review a **"surveilance tape"** of Sept. 3, 2006, but plaintiff explained that it did not show him doing anything wrong, and he could not see if the other employee was doing wrong.

8. Next, defendant George advised plaintiff that he was going to be fired, but if plaintiff would write a letter of guilt, and appologize, he, George, would make sure the plaintiff could keep his job. Defendant George proceeded to tell plaintiff what to write, and then demanded that plaintiff sign those words. Plaintiff realized that this was wrong, and **refused to sign George's words.** Again, defendant George knew very well, that the shop-steward was directly upstairs. Plaintiff learned later that George copnducted other interrogations violating **Weingardent"** **as it related to other employees, after plaintiff was discharged.**

9. Therefore, the malicious plan of defendants, which defendant George was "instrumental" in the assurance of

said plan, was to have the shop-steward present where defendants actually had evidence, but have George violate **The Weingarten Rights** of Black employees where defendant had no evidence to discharge them, such as plaintiff. The following facts will prove this:

9a. After plaintiff's discharge, he and the Union did demand all relevant documents from defendants, and more importantly, **"THE SEPT. 3, 2006 SURVEILANCE TAPE"**. Defendants delayed, delayed, and delayed, the Grievance Hearing, which was conducted on April 19, 2007, but prior to that hearing, in another **malicious act of defendants, defendants made sure that they "witheld" that surveilance tape of Sept. 3, 2006. Defendants advised the Union that they cannot find said tape.**

10. the denial of the surveilance tape was another malicious act of defendants because it proved that plaintiff did nothing wrong. Instead, defendants used defendant George, again, to further their unconstit-tuional plot, by having defendant George testify at the Grievance Hearing, as to what he claims the surveilance tape showed. His testimony was a complete **perjured lie, and is about the worse of hearsay violations which exist.** This same thing

occurred at the Arbitration hearing in 2008. And defendants, with George's assistance, knowingly, and willfully, went further to violate plaintiff's civil rights pursuant not only to the **Fourteenth Amendment to the United States Constitution, but the Fouth Amendment, and Fifth Amedment as well. Furthermore, defendant George was instrumental in defendants' malice in violating new Jersey's Law Against Discrimination, N.J.S.A. 10:5-1 to 49, and N.J.S.A. 10:5-12(e).**

11. Pursuant to N.J.S.A. 10:5-1 et al, See **Tarr v. Ciasulli,** 181 N.J. 70, 83 (2004), **Defendant George not only aided and abetted Acme Food Corp, but was the "key" to accomplishing the malicious plot to fire plaintiff, and others in that Black "Block". It was George who acted in violating Weingardent for his superiors. It was George who acted to suppress the surveilance tape of Sept. 3, 2006, then perjure himself as to the contents of the tape at the Grievance Hearing. It was George who acted to perjure himself about violations of Weingardent,** furthermore, in an attempt to even assure plaintiff's wrongful termination,

defendant George next went to the Arbitration hearing in 2009, and once the Arbitrator allowed George's **extreme hearsay** **George went further and added a new lie. This time , for the first time, defendant George added that the surveillance tape (which he and Acme suppressed), showed that the plaintiff actually "brought" the coupons over to the cashier who was in violation of abusing said coupons.**

12. It is clear that defendant George **aided** and **abetted** Acme Food Corp in the wrongful discharge of this Black male, in their accomplishment of dismissing all newly hired Blacks in a "block". **Proof of defendant George's willful conduct is that other than George's perjury, and lies, defendants showed, and had absolutely no constitutionally allowed evidence in order to discharge plaintiff, and others. It started with the willful, and malicious act to violate black employees Weingarten Rights, and went further. George was the catalyst, in violation of N.J.S.A. 10:5-1 et seq, and section 301. The Defendant George, was "clearly aware" of his**

<u>role</u>, and his was the only role that defendants could use in achieving their wrongful termination. There is, and was no constitutionally allowed evidence against plaintiff, and other Black employees. It is also clear that defendant George "knowingly, and substantially assisted the principle violation. He was the principle catalyist in assuring the malicious plot's completion.

In closing, there should be no doubt that the complaint against defendant George should be reinstated in the Interest Of Justice. Defendant George lied about other facts as well. For example, claiming that plaintiff "re-paid" the defendants for the alleged coupon scam. This was a "bold-face" lie as well. It went on, and on, and when plaintiff's attorney at arbitration caught defendant in several lies, the arbitrator refused to allow her to question George. Arbitrator even went as far as to take the plaintiff's counsel out of the room, to another to keep her from further exploring George's lies.

Sincerely

[signature]