## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

MOSES DELBRIDGE,                              :
                                             :
                Plaintiff,        :
                                             :
         v.                         : CIVIL ACTION:  08-4821
                                             :
ACME FOOD CORP. and                          : Return Date:  August 3, 2009
ROBERT GEORGE, et al.                        :
                                             :
              Defendants.        :

---

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

Elizabeth A. Malloy, Esq. (admitted *pro hac vice*)
Kelly L. Bannister, Esq.
BUCHANAN INGERSOLL & ROONEY PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
(215) 665-8700

*Attorneys for Defendants*
*Acme Markets, Inc. and Robert George*

Dated:  July 2, 2009

# TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT...........................................................................1

II.   STATEMENT OF UNDISPUTED FACTS .......................................................3

III.  LEGAL ARGUMENT .......................................................................................3

   A. Summary Judgment Standard ........................................................................3

   B. Plaintiff's Claim For Violation Of His Weingarten Rights Is
      Preempted By The Exclusive Jurisdiction Of The NLRB. .............................5

   C. Plaintiff's Constitutional Claims Fail As A Matter Of Law Because
      Defendants Are Not State Actors. ..................................................................5

   D. Plaintiff's Wrongful Termination Claim Asserted In His Initial
      Complaint Is Subsumed By His Statutory Discrimination Claim..................7

   E. Plaintiff's Statutory Race Discrimination Claim Fails As A Matter
      Of Law. ...........................................................................................................8

      1. The McDonnell-Douglas Framework .........................................................8

      2. Plaintiff was discharged for a legitimate, non-discriminatory
         reason and is unable to establish that Defendants' proffered
         reason was a pretext for discrimination.......................................................9

         a. Defendants conducted an investigation and found that
            Plaintiff violated Acme's Honesty and Accuracy policy. .................. 11

         b. Plaintiff's allegation that Defendants terminated black
            employees in order to avoid the minimum wage increase is
            nonsensical and factually unsupported................................................ 15

   F. Plaintiff's NJLAD Claims Against Individual Defendant George
      Fail As A Matter Of Law................................................................................ 17

   G. Plaintiff Fails To Establish Grounds To Vacate The Arbitration
      Award............................................................................................................. 19

IV.  CONCLUSION ................................................................................................ 22

i

# TABLE OF AUTHORITIES

## Cases

Abraham v. Raso, 183 F.3d 279 (3d Cir. 1999)............................................................ 3

Abramson v. William Paterson College of N.J., 260 F.3d 265 (3d Cir. 2001)........................... 10

Andersen v. Exxon Co., USA, 89 N.J. 483 (1982) ......................................................... 8

Anderson v. Haverford Coll., 868 F. Supp. 741 (E.D. Pa. 1994) ................................... 9

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) ............................................... 3

Balazinski v. Webster Lines, 2009 WL 799285 (D.N.J. Mar. 25, 2009)....................... 6

Citgo Asphalt Refining Co. v. Paper, Allied-Indus., Chem. & Energy Workers Int'l
    Union Local No. 2-991, 385 F.3d 809 (3d Cir. 2004) ........................................... 20

Cloverland-Green Spring Dairies, Inc. v. Pa. Milk Mktg. Bd., 298 F.3d 201 (3d Cir.
    2002) ...................................................................................................... 3

Darji v. State of N.J., 2008 WL 612268 (N.J. Super. App. Div. Mar. 7, 2008) ........... 8

DeJoy v. Comcast Cable Communications, Inc., 941 F. Supp. 468 (D.N.J. 1996) ......... 7

DiCampli v. Korman Communities, 257 Fed. Appx. 497 (3d Cir. 2007) .................... 10

Elmiry v. Wachovia Corp. 2007 WL 4117260, (D.N.J. Nov. 16, 2007) .................... 14

Fuentes v. Perksie, 32 F.3d 759 (3d Cir. 1994) ....................................................... 10

Geddis v. Univ. of Delaware, 40 Fed. Appx. 650 (3d Cir. 2002)............................... 13

Giles v. Volvo Trucks N. Am., 551 F. Supp. 2d 359 (M.D. Pa. 2008)........................ 6

Graef v. Chem. Leaman Corp., 106 F.3d 112 (5th Cir. 1997)..................................... 13

Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995) ....................... 4

Holodak v. Rullo, 2006 WL 3227785 (3d Cir. Nov. 8, 2006)..................................... 9

Hood v. Pfizer, Inc., 2009 WL 1019993 (3d Cir. Apr. 16, 2009)............................... 8

Hurley v. Atlantic City Police Dep't, 174 F.3d 95 (3d Cir. 1999) ............................. 17

In re Mercedes-Benz Anti-Trust Litig., 364 F. Supp. 2d 468 (D.N.J. 2005)................. 3

Jevic v. Coca Cola Bottling Co. of N.Y., Inc., 1990 WL 109851 (D.N.J. June 6, 1990).............. 6

Jones v. Sch. Dist.of Phila., 198 F.3d 403 (3d Cir. 1999) ...................................... 9, 10

Kelly v. Drexel Univ., 957 F. Supp. 864 (E.D. Pa. 1995) aff'd, 94 F. 3d 102 (3d Cir.
    1996) ...................................................................................................... 4

Mardini v. Viking Freight, Inc., 92 F. Supp. 2d 378 (D.N.J. 1999) ........................... 7

McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) ..................................... 8, 9

Mersmann v. Continental Airlines,Inc., 2006 WL 507842 (N.J. Super. App. Div. Mar.
    3, 2006) ................................................................................................... 12

Nelson v. DeVry, Inc., 2008 WL 2845300 (E.D. Pa. July 22, 2008) ............................................ 6

New West Urban Renewal Co. v. Viacom, Inc., 230 F. Supp. 2d 568 (D.N.J. 2002).................... 4

News Am. Publ'n Inc. Daily Racing Form Div. v. Newark Typographical Union
    Local 103, 918 F.2d 21 (3d Cir. 1990) ................................................................................... 21

Nichols v. Bennett Detective & Protective Agency, 245 Fed. Appx. 224 (3d Cir.
    2007) ........................................................................................................................................... 10

NLRB v. Weingarten, Inc., 420 U.S. 251 (1974) .......................................................................... 5

Parillo v. Lower Bucks County Joint Mun. Auth., 2003 WL 23162434 (E.D. Pa. Dec.
    18, 2003) ..................................................................................................................................... 11

Plastpro, Inc. v. Therma-Tru Corp., 378 F. Supp. 2d 519 (D.N.J. 2005) ...................................... 3

Santiago v. City of Vineland, 107 F. Supp. 2d 512 (D.N.J. 2000) ................................................. 7

Sarullo v. U.S. Postal Serv., 352 F.3d 789 (3d Cir. 2003)............................................................. 9

Schult v. Int'l Business Machines Corp., 123 Fed. Appx. 540 (4th Cir. 2004) ............................. 5

Sheridan v. E.I. Dupont de Nemours & Co., 100 F.3d 1061 (3d Cir. 1996)) .............................. 17

Smith v. Johnson, 2007 WL 2704363 (D.N.J. July 3, 2008) ......................................................... 3

Smith v. Lyondell Citgo Refining LP, 2006 WL 626400 (S.D. Tex. Mar. 9, 2006) ................... 12

Stanziale v. Jargowsky, 200 F.3d 101 (3d Cir. 2000)..................................................................... 8

Tarr v. Ciasulli, 181 N.J. 70 (2004) ............................................................................................. 18

United Food & Commercial Workers Union, Local 464A v. Foodtown, Inc., 2006
    WL 932061 (D.N.J. Apr. 5, 2006) ...................................................................................... 20, 21

Voilas v. Gen. Motors Corp., 170 F.3d 367 (3d Cir. 1999)........................................................... 5

Wooler v. Citizens Bank, 274 Fed. Appx. 177 (3d Cir. 2008) ...................................................... 4

Zive v. Stanley Roberts, Inc., 182 N.J. 436 (2005)........................................................................ 8

**Statutes**

28 U.S.C. § 1331 ............................................................................................................................ 1

28 U.S.C. § 1441(a) ....................................................................................................................... 1

28 U.S.C. § 1441(b) ....................................................................................................................... 1

29 U.S.C. § 185 .............................................................................................................................. 1

42 U.S.C. §2000e et seq.................................................................................................................. 8

N.J.S.A. §10:5-1 et seq. .......................................................................................................... passim

N.J.S.A. 10:5-12(e) ...................................................................................................................... 18

N.J.S.A. 34:11-56a4 ...................................................................................................................... 16

**Rules**

Fed. R. Civ. P. 56(c) ...................................................................................................................... 3

## I.      **PRELIMINARY STATEMENT**

On about August 6, 2008, and again on August 8, 2008, Plaintiff Moses Delbridge ("Plaintiff") filed a Complaint (the "Initial Complaint") against Acme Markets Inc. ("Acme") (improperly named as "Acme Food Corp."), his former employer, and Robert George ("George"), Acme's Loss Prevention Specialist (collectively the "Defendants").  Defendants timely removed this action based on the Court's original jurisdiction pursuant to 28 U.S.C. § 1441(a)-(b) and 28 U.S.C. § 1331.

On October 3, 2008, Defendants filed a Motion to Dismiss individual defendant George from the instant matter.  This Court granted Defendants' motion in part, dismissing Plaintiff's claims under Section 301 of the Labor Management Relations Act ("Section 301"), 29 U.S.C. § 185, against George, to the extent that such claim was pled.  However, the Court granted Plaintiff the opportunity to file an amended complaint pleading a claim against George pursuant to the New Jersey Law Against Discrimination, N.J.S.A. §10:5-1 et seq. ("NJLAD") for aiding and abetting Acme's alleged discriminatory conduct.  Plaintiff filed an Amended Complaint (the "Amended Complaint") on January 17, 2009.

Between Plaintiff's Initial Complaint and Amended Complaint,[1] it appears that Plaintiff's claims are that:  (1) Defendants violated his <u>Weingarten</u> rights; (2) Defendants violated his rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; (3) he was wrongfully terminated from his employment with Acme; (4) he was discriminated against on the basis of his race when he was terminated from his employment with Acme; and (5) the arbitration decision sustaining his discharge from employment with Acme should be vacated.

Defendants seek summary judgment on all of the claims in Plaintiff's Initial and Amended Complaints. This Court should grant Defendants' Motion for Summary Judgment because the undisputed facts conclusively establish that each and every one of Plaintiff's claims fails as a matter of law because:  (1) Plaintiff's <u>Weingarten</u> claim is preempted; (2) Plaintiff has not alleged any action by a state actor as necessary to his constitutional claims; (3) Plaintiff's wrongful termination claim is subsumed by his statutory discrimination claim; (4) Defendants can demonstrate a legitimate, non-discriminatory reason for Plaintiff's discharge from Acme; and (5) Plaintiff cannot establish grounds to vacate the arbitration award.

Accordingly, Defendants respectfully request that summary judgment be granted to Defendants on all of Plaintiff's claims.

---

[1] It appears that Plaintiff simply added additional claims in his Amended Complaint and did not reassert all of the claims alleged in his Initial Complaint. Therefore, in an abundance of caution, Defendants respond to the claims alleged in either or both of Plaintiff's Complaints.

## II.   STATEMENT OF UNDISPUTED FACTS

Pursuant to Local Rule 56.1, Defendants have filed a separate Statement of Undisputed Facts.

## III.   LEGAL ARGUMENT

### A.   Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure authorizes the entry of summary judgment where the pleadings and supporting materials demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Plastpro, Inc. v. Therma-Tru Corp., 378 F. Supp. 2d 519, 523 (D.N.J. 2005).[2]  "A factual dispute between the parties will not defeat a motion for summary judgment unless it is both genuine and material."  In re Mercedes-Benz Anti-Trust Litig., 364 F. Supp. 2d 468, 474 (D.N.J. 2005) (citing Anderson, 477 U.S. at 247-48).  The Third Circuit holds "[a] factual dispute is material if it bear[s] on an essential element of the plaintiff's claim" and "is genuine if a reasonable jury could find in favor of the non-moving party."  Cloverland-Green Spring Dairies, Inc. v. Pa. Milk Mktg. Bd., 298 F.3d 201, 210 (3d Cir. 2002) (quoting Abraham v. Raso, 183 F.3d 279, 287 (3d Cir. 1999)).

---

[2] Defendants recognize Plaintiff's *pro se* status, but note that "despite Plaintiff's *pro se* status, Plaintiff must comply with the rules of civil procedure."  Smith v. Johnson, 2007 WL 2704363, *2 (D.N.J. July 3, 2008).

"Thus, to survive a motion for summary judgment, the party contesting the motion must demonstrate a dispute over facts that might affect the outcome of the suit." New West Urban Renewal Co. v. Viacom, Inc., 230 F. Supp. 2d 568, 571 (D.N.J. 2002) (citing Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995)).

The non-moving party may not rely merely upon bare assertions, conclusory allegations or suspicions.  Kelly v. Drexel Univ., 957 F. Supp. 864, 863 (E.D. Pa. 1995) aff'd, 94 F. 3d 102 (3d Cir. 1996) (citations omitted).  "[A]t summary judgment, a plaintiff cannot rely on unsupported allegations, but must go beyond the pleadings and provide some evidence that would show that there exists a genuine issue for trial."  Wooler v. Citizens Bank, 274 Fed. Appx. 177 (3d Cir. 2008).[3]

As established below, because there are no genuinely disputed material facts that would preclude entry of summary judgment in favor of the Defendants, each of the counts of Plaintiff's Amended Complaint should be dismissed and judgment entered for Defendants as a matter of law.

---

[3] The importance of relying on record evidence, especially Plaintiff's own deposition testimony, is of particular importance here, where Plaintiff has admitted that his father, Adolph Delbridge, who is not an attorney but has filed over 70 state court and 10 federal court actions, he has been preparing Plaintiff's submissions to the Court.  (Declaration of Kelly L. Bannister, ¶ 2, Ex. A, Interrogatory No. 12)

**B.   Plaintiff's Claim For Violation Of His Weingarten Rights Is Preempted By The Exclusive Jurisdiction Of The NLRB.**

Plaintiff has alleged in his Initial Complaint that "Defendants did violated [sic] Plaintiff's civil rights pursuant to the 'Weingarten rights'". (D.E. 1, Ex. A) Claims that an individual's rights pursuant to NLRB v. Weingarten, Inc., 420 U.S. 251, 256 (1974) have been violated are not properly before this Court. Rather, such claims are within the exclusive jurisdiction of the National Labor Relations Board ("NLRB"). See Voilas v. Gen. Motors Corp., 170 F.3d 367, 378 (3d Cir. 1999) (finding that a cause of action is preempted by the NLRB's exclusive jurisdiction if it implicates conduct which would be prohibited as an unfair labor practice); see also Schult v. Int'l Business Machines Corp., 123 Fed. Appx. 540 (4th Cir. 2004) (affirming district court decision dismissing plaintiff's wrongful termination claim based on the alleged violation of his Weingarten rights because such claim was preempted by the NLRB's exclusive jurisdiction over such actions). Therefore, to the extent that Plaintiff pleads a claim for violation of his Weingarten rights, such claims are preempted and must be dismissed as a matter of law.

**C.   Plaintiff's Constitutional Claims Fail As A Matter Of Law Because Defendants Are Not State Actors.**

Plaintiff's claim in Paragraph 10 of the Amended Complaint that Defendants violated his civil rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution fail as a matter of law.  "In order to assert a claim for

damages pursuant to the Fifth Amendment and the Fourteenth Amendment, a plaintiff must allege that the challenged conduct (1) was committed by a party acting under color of state law, and (2) deprive the plaintiff of a right secured by the federal laws or Constitution."  Balazinski v. Webster Lines, 2009 WL 799285, *3 (D.N.J. Mar. 25, 2009) ("[t]here is no cause of action for merely private conduct, no matter how discriminatory or wrongful"); see also Giles v. Volvo Trucks N. Am., 551 F. Supp. 2d 359, 364-65 (M.D. Pa. 2008) (dismissing Fifth Amendment claim against employer and employee defendants because defendants were not state actors).  Similarly, claims under the Fourth Amendment are not sustainable where the alleged violator is not a state actor.  See, e.g., Nelson v. DeVry, Inc., 2008 WL 2845300, *5 (E.D. Pa. July 22, 2008) (dismissing plaintiff's Fourth Amendment claim against defendant because it is "a private employer"); Jevic v. Coca Cola Bottling Co. of N.Y., Inc., 1990 WL 109851, *7 (D.N.J. June 6, 1990) (granting defendant employer's motion for summary judgment because it "is not a state actor and as such its actions are not limited by the Fourth Amendment").

Acme is a retail grocery store company and George is an employee of Acme. (Stmt. ¶¶ 1, 4)[4]  Plaintiff has not alleged that either Acme or George was a state actor, or that either committed any of the acts complained of under color of state law, nor is there any record evidence to that effect.  Accordingly, Plaintiff's claims

---

[4] References to Defendants' Statement of Undisputed Facts will be indicated herein as "Stmt ¶ __".

that Defendants violated his constitutional rights under the Fourth, Fifth and

Fourteenth Amendments fail as a matter of law.

### D.    Plaintiff's Wrongful Termination Claim Asserted In His Initial Complaint Is Subsumed By His Statutory Discrimination Claim.

In his Initial Complaint, Plaintiff alleged that Defendants "'wrongfully'

terminated Plaintiff, and said termination was partially based on 'Plaintiff's race',

and partially based on Defendants' wish to discharge 'black employees' before the

October 2006 'federally enacted minimum wage increase'."  (D.E. 1, Ex. A, ¶ 1)  At

most, such allegations may be read to constitute a claim that Plaintiff was

wrongfully discharged in violation of public policy.  However, New Jersey courts

and courts interpreting New Jersey law have held that common law claims for

wrongful discharge in violation of public policy are preempted when a statutory

remedy under the [NJLAD] exists."  <u>Santiago v. City of Vineland</u>, 107 F. Supp. 2d

512, 567 (D.N.J. 2000); <u>see also</u> <u>Mardini v. Viking Freight, Inc.</u>, 92 F. Supp. 2d

378, 384 (D.N.J. 1999); <u>DeJoy v. Comcast Cable Communications, Inc.</u>, 941 F.

Supp. 468, 474 (D.N.J. 1996).  Therefore, Plaintiff's wrongful termination claim

based on race must be asserted exclusively under the NJLAD.

### E.    Plaintiff's Statutory Race Discrimination Claim Fails As A Matter Of Law.

Plaintiff's claim of race discrimination fails as a matter of law because Defendants have articulated a legitimate, non-discriminatory reason for his discharge, which Plaintiff is unable to show is a mere pretext for discrimination.

#### 1.    The McDonnell-Douglas Framework[5]

In order for Plaintiff to establish a *prima facie* case of race discrimination, he must show that (1) he was a member of a protected group; (2) he was reasonably performing his job; (3) he was discharged; and (4) Acme sought someone else to perform his job.  Zive v. Stanley Roberts, Inc., 182 N.J. 436, 450 (2005).  Upon successfully establishing a *prima facie* case, the burden shifts to the defendants "to articulate some legitimate, nondiscriminatory reason" for the adverse employment action.  McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Stanziale v. Jargowsky, 200 F.3d 101, 105 (3d Cir. 2000); Andersen v. Exxon Co., USA, 89 N.J. 483, 492-93 (1982).  If defendants meet this burden, the plaintiff must then prove by a preponderance of the evidence that the legitimate reasons offered by the defendants are merely a pretext for discrimination.

---

[5] Plaintiff's Initial Complaint does not specify whether his race discrimination claim arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. ("Title VII") or the NJLAD.  However, the framework set forth in McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973) is the standard for analyzing employment discrimination claims under both statutes.  Hood v. Pfizer, Inc., 2009 WL 1019993, *2 (3d Cir. Apr. 16, 2009); Darji v. State of N.J., 2008 WL 612268, *2 (N.J. Super. App. Div. Mar. 7, 2008).

McDonnell Douglas, 411 U.S. at 804-5.  The ultimate burden of persuading the

trier of fact that defendants intentionally discriminated against him remains at all

times with the Plaintiff.  Holodak v. Rullo, 2006 WL 3227785 (3d Cir. Nov. 8,

2006).

     As discussed below, Defendants have a legitimate non-discriminatory reason

for Plaintiff's discharge.  Plaintiff is unable to establish that this reason is a pretext

for discrimination.

          2.     Plaintiff was discharged for a legitimate, non-
                  discriminatory reason and is unable to establish that
                  Defendants' proffered reason was a pretext for
                  discrimination.

     Defendants have proffered a legitimate, non-discriminatory reason for

Plaintiff's termination -- namely that he violated Acme's policies, including its

Honesty and Accuracy Policy.[6]  Furthermore, Plaintiff is unable to establish that

Defendants' proffered reason was a mere pretext for discrimination.  While Acme

asserts that its decision to terminate Plaintiff was 100% correct and justified, what

---

[6] Defendants assume, for purposes of this motion only, that Plaintiff is able to
establish a *prima facie* case of race discrimination under the NJLAD.  However,
under Title VII, in order to establish a *prima facie* case of discrimination, Plaintiff
must show that the circumstances of the adverse employment action give rise to an
inference of discrimination.  See Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797
(3d Cir. 2003); Jones v. Sch. Dist. of Phila., 198 F.3d 403, 413 (3d Cir. 1999);
Anderson v. Haverford Coll., 868 F. Supp. 741, 745 (E.D. Pa. 1994).  For the
reasons set forth herein, Plaintiff is unable to meet his burden to establish a *prima
facie* case under Title VII.

is more important is that Plaintiff can point to no direct evidence that the termination was in any way motivated by discrimination due to his race.

The Third Circuit has held that "it is not enough for a plaintiff to show that the employer's decision was wrong or mistaken, because the issue is whether the employer acted with discriminatory animus." Abramson v. William Paterson College of N.J., 260 F.3d 265, 283 (3d Cir. 2001); see also DiCampli v. Korman Communities, 257 Fed. Appx. 497, 500 (3d Cir. 2007).  As explained in Fuentes v. Perksie, 32 F.3d 759 (3d Cir. 1994):

> The factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent.  Rather, the ... plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable fact finder could rationally find them "unworthy of credence," and hence infer "that the employer did not act for [the asserted] nondiscriminatory reasons."

Id. at 765 (citations and emphasis omitted).  Plaintiff must demonstrate that the proffered reason for his termination was not only wrong, but that it was "so plainly wrong that it cannot have been the employer's real reason." Jones v. Sch. Dist.of Phila., 198 F.3d 403, 413 (3d Cir. 1999).  Plaintiff is unable to make this showing where the "factual inquiry into the alleged discriminatory motives of the employer has risen to a new level of specificity." Nichols v. Bennett Detective & Protective Agency, 245 Fed. Appx. 224, 230 (3d Cir. 2007) (affirming grant of summary judgment to employer where only evidence to support inference of discriminatory

intent was that a sufficiently younger individual was not transferred and plaintiff was); see also Parillo v. Lower Bucks County Joint Mun. Auth., 2003 WL 23162434, *5 (E.D. Pa. Dec. 18, 2003) (that plaintiff was replaced by two younger men  is "arguably enough to make out a *prima facie* case, it alone is not sufficient to sustain this claim of age discrimination").

    a. Defendants conducted an investigation and found that Plaintiff violated Acme's Honesty and Accuracy policy.

   While Plaintiff contends that he was discharged from his employment with Acme because Defendants were motivated by discriminatory animus, the reality is that he was discharged because he violated Acme's Honesty and Accuracy policy. Here, Carl Luthke ("Luthke") had undisputed evidence that Plaintiff and Ashley Thomas ("Thomas") were engaging in the transactions on September 3, 2006; that Plaintiff's Preferred Card was being used for the transactions; that the transaction records for the register showed that the same $2.00 coupon was used on two of the transactions involving Plaintiff and Thomas; that the same manufacturers coupon was used twice on another transaction; and that Plaintiff had agreed to pay back $14.00 to Acme during his interview.  Such conduct violated Acme's Honesty and Accuracy policy which states that associates who engage in acts of dishonesty involving coupons, such as coupon fraud and misuse of Acme discount cards, or who conspire with another associate to do so will subject themselves to

termination.  This legitimate, nondiscriminatory reason for Plaintiff's termination has been clearly communicated to Plaintiff in his termination letter and again in the letter denying his grievance.

Furthermore, whether Plaintiff was terminated for just cause was the central question of the arbitration between Acme and the Union.  In that proceeding, the Arbitrator denied Plaintiff's grievance, thereby upholding that Plaintiff's termination for violation of Defendants' Honesty and Accuracy policy was for just cause.  In doing so, the Arbitrator specifically concluded that "There is nothing in this record indicating that the Employer's investigation was tainted or unfair in any material respect or that his treatment of [Plaintiff] was discriminatory or selective." (Declaration of Kelly L. Bannister ("Bannister Decl."), ¶ 8, Ex. E, at pg. 9)

In the discrimination context, New Jersey courts have recognized that an arbitrator's decision that a plaintiff's termination was for just cause "militates against any contention by plaintiff resting the fourth prong on the proposition that the employment decision took place under circumstances that give rise to an inference of unlawful discrimination."  Mersmann v. Continental Airlines,Inc., 2006 WL 507842, *4 (N.J. Super. App. Div. Mar. 3, 2006); see also Smith v. Lyondell Citgo Refining LP, 2006 WL 626400, *3 (S.D. Tex. Mar. 9, 2006) (where employer's legitimate reason was supported by the arbitrator's finding of just cause, "[t]his finding precludes [plaintiff], absent strong evidence to the

contrary, from surviving summary judgment by arguing that [the employer's] articulated reason is false") (citing <u>Graef v. Chem. Leaman Corp.</u>, 106 F.3d 112 (5th Cir. 1997) (arbitral award "highly probative")).

Acme strictly enforces its policies, including its Honesty and Accuracy policy.  Plaintiff admits that he is not aware of any employee who scanned a coupon more than once and was not fired.  Indeed, in the period from January 1, 2006 until January 31, 2007, Acme involuntarily terminated 24 employees from its Jersey City store, half for violation of Acme's company policies.  Moreover, glaringly absent from the record in this case is any identification by Plaintiff of a similarly-situated comparator outside of his protected class who was treated more favorably.  Plaintiff points to no non-black employee who engaged in similar conduct but was not terminated.

Although Plaintiff may dispute some elements of Defendants' investigation, such assertions are insufficient to demonstrate that Defendants' legitimate non-discriminatory reason for his termination is a pretext for discrimination.  It is well-established that allegations that the employer conducted an inadequate investigation are not sufficient to show that an employer acted with discriminatory animus.  <u>See</u> <u>Geddis v. Univ. of Delaware</u>, 40 Fed. Appx. 650, 653 (3d Cir. 2002).  To that end, this Court has found a plaintiff's focus on evidence that the plaintiff did not actually commit the alleged misconduct or that the investigation was

somehow deficient to be a "distraction," particularly where the plaintiff failed to produce evidence that the employer somehow approached the complaints against her differently than it approached those against others outside her protected class. Elmiry v. Wachovia Corp., 2007 WL 4117260, *10 (D.N.J. Nov. 16, 2007).  Here, there is no evidence that Defendants' investigation into Delbridge's actions differed from its investigation into the actions of other employees accused of coupon fraud. Indeed, the arbitrator found specifically to the contrary.  (Bannister Decl. ¶ 8, Ex. E, at pg. 9)

In this case, it is undisputed that George and Joseph Mastalski ("Mastalski") watched surveillance video footage of Delbridge involved in a transaction with Thomas, an employee who was already under investigation for coupon fraud.[7]  It is also undisputed that Defendants obtained register records from those transactions which showed that Plaintiff's Preferred Card had been used on transactions where coupons were impermissibly used multiple times.  It is similarly undisputed that George and Duane Bowles ("Bowles") interviewed Plaintiff and that at the end of this interview, Plaintiff agreed to pay back $14.00 and signed at least two statements indicating that he would do so.  Based on his review of the investigation evidence, including the register records showing Plaintiff's preferred card being

---

[7] It is worth noting that Thomas' known coupon abuse alone amounted to approximately $429.00.  (Stmt. ¶ 39)

used and coupons being used multiple times, and the statements signed by Plaintiff that he would repay the $14.00, Luthke made the decision to terminate Plaintiff.

Even if Defendants' decision to terminate Plaintiff was wrong or mistaken, Plaintiff has pointed to no evidence that Defendants did not or could not reasonably rely on this investigation in good faith as the basis for Plaintiff's discharge. Moreover, Plaintiff has provided no evidence whatsoever that he was treated differently in any respect than a non-black comparator. Therefore, Plaintiff has not presented grounds sufficient to defeat Defendants' summary judgment motion.

                b.     Plaintiff's allegation that Defendants terminated black employees in order to avoid the minimum wage increase is nonsensical and factually unsupported.

Plaintiff alleges in his Complaints and at his deposition that he believes his termination was discrimination based on race because Acme sought to get rid of higher paid black employees before the federal minimum wage increase took effect in October 2006. Such claim is nonsensical, not indicative of race discrimination, and wholly unsupported by the evidence.

As a threshold matter, Plaintiff's Initial Complaint refers to the "federally enacted minimum wage increase." There was no federal minimum wage increase in or about Fall 2006. From September 1, 1997 until July 24, 2007, the federal minimum wage was $5.15 per hour, at which time it increased to $5.85 per hour.

See http://www.dol.gov/ESA/minwage/chart.htm.  Such increase would have no

effect on *any* of the employees at Acme's Jersey City store.  As employees within

the State of New Jersey, where effective October 1, 2005, the minimum wage was

$6.15 per hour, N.J.S.A. 34:11-56a4, Acme employees were already earning more

than the new federal minimum wage and continued to receive raises above this rate

in accordance with the CBA.  Therefore, the application of this new law, when

applied to white and black employees equally, would not evidence race

discrimination.  However, New Jersey's minimum wage increased to $7.15 per

hour on October 1, 2006.  N.J.S.A. 34:11-56a4.  Mindful of Plaintiff's *pro se*

status, Defendants further address the merits, or lack thereof, to Plaintiff's claim

based on an increase in the state minimum wage.

The only evidence Plaintiff relies on in support of his claim is his belief that

the other employees terminated at or about the same time as him for violations of

Acme's policies were all black.  As a threshold matter, this is simply not true.

Paula Nunez, who was terminated on the same day as Plaintiff in connection with

Defendants' investigation into coupon fraud, is Hispanic.  Furthermore, it is clear

that Acme involuntarily terminated other individuals after Plaintiff and the others

involved in the coupon fraud were discharged, but before the state minimum wage

increase took effect.  Indeed, the last person terminated before the wage increase

took effect, employee Z.N. on September 30, 2006, was white.  Moreover, Acme

continued to hire new black employees after October 1, 2006 at the increased

minimum wage, whom it would have to give raises to in accordance with the CBA.

Between October 10, 2006 and December 31, 2007, Acme hired 76 new associates

at its Jersey City store.  Of these 76 new associates, 36 identified his/her race as

black.

Plaintiff has failed to establish that Defendants' legitimate reasons for his

termination were a mere pretext for discrimination or had anything whatsoever to

do with his race.  Therefore, his statutory race discrimination claims should be

dismissed in their entirety.

### F.    Plaintiff's NJLAD Claims Against Individual Defendant George Fail As A Matter Of Law.

Plaintiff has alleged in his Amended Complaint that George aided and

abetted Acme's alleged discrimination under the NJLAD.  However, the

undisputed facts and law demonstrate that any claims as to George fail as a matter

of law.

An individual is not liable as an employer under the NJLAD simply because

of his/her status as a supervisor.[8]  See Hurley v. Atlantic City Police Dep't, 174

F.3d 95 (3d Cir. 1999).  Rather, the NJLAD imposes individual liability on

_____

[8] Defendants analyze Plaintiff's aiding and abetting claim under the NJLAD only because, as this Court noted in its Letter Brief on Defendants' Motion to Dismiss, no individual liability exists under Title VII.  (D.E. 17) (citing Sheridan v. E.I. Dupont de Nemours & Co., 100 F.3d 1061, 1078 (3d Cir. 1996))

supervisors who "aid and abet" an employer's violation of the law.  See N.J.S.A.

10:5-12(e).  New Jersey courts have adopted a three pronged test for aiding and

abetting liability under the NJLAD which Plaintiff cannot satisfy.  In order to

prevail on his claim for individual liability against George, Plaintiff must establish

that:  "(1) the party whom the defendant aids must perform a wrongful act that

causes an injury; (2) the defendant must be generally aware of his role as part of

the overall illegal or tortious activity at the time he provides the assistance; [and]

(3) the defendant must knowingly and substantially assist the principal violation."

Tarr v. Ciasulli, 181 N.J. 70, 84 (2004).

     As a threshold matter, in order to find George aided and abetted in

discrimination under the NJLAD, the factfinder must first conclude that Acme

committed a wrongful act against Plaintiff.  Since Acme did not discriminate

against Plaintiff, as discussed more fully above, there is no aiding and abetting

claim that would lie against George.

     Moreover, there is no evidence that George aided and abetted Acme in any

discriminatory practice.  Plaintiff does not dispute that it is improper and against

Acme's policies for a coupon to be used twice, and that employees such as Thomas

were committing violations of Acme's policies related to the same.  Furthermore,

after the investigation was conducted, George did not make the decision as to what

discipline, if any, would be given to Plaintiff.  Rather, that decision was made by

Luthke.  Plaintiff has presented no evidence whatsoever that George knowingly

provided assistance to any illegal scheme.  Instead, he simply performed his job

duties to investigate possible theft and policy violations at Acme's stores.

Therefore, because Plaintiff cannot establish that George aided and abetted

any discriminatory act, his claim against George in his individual capacity must be

dismissed.

### G.   Plaintiff Fails To Establish Grounds To Vacate The Arbitration Award.

Judicial review of labor arbitration awards is exceedingly narrow.  As a

matter of law, Plaintiff fails to establish reasons for this Court to vacate the

arbitration decision denying Plaintiff's grievance of his termination.

It is well-established that "[c]ourts play a very limited role in reviewing the

decision of an arbitrator appointed pursuant to a collective bargaining agreement.

When the parties include an arbitration clause in their [CBA], they choose to have

disputes concerning constructions of the contract resolved by an arbitrator.

Consequently, [a court is] not authorized to reconsider the merits of an award even

though the parties may allege that the award rests on errors of fact or on

misinterpretation of the contract. This follows from the fact that the arbitrator's

judgment was bargained for by the parties.  Full-blown judicial review of labor

arbitrators' decisions would annul the bargain of the parties for an arbitrator's

construction of their [CBA] and replace it with the court's construction." Citgo

Asphalt Refining Co. v. Paper, Allied-Indus., Chem. & Energy Workers Int'l Union
Local No. 2-991, 385 F.3d 809, 815 (3d Cir. 2004) (internal citation and quotation
omitted).

To that end, "[a]n arbitrator's decision need be neither wise nor internally
consistent.  The decision is subject to a standard of only minimal rationality."
Citgo, 385 F.3d at 816 (internal citation and quotation omitted); see also United
Food & Commercial Workers Union, Local 464A v. Foodtown, Inc., 2006 WL
932061, *2 (D.N.J. Apr. 5, 2006) ("In other words, there must be absolutely no
support in the record justifying the arbitrator's determinations for a court to deny
enforcement of an award.  In these respects, [t]he test used to probe the validity of
the labor arbitrator's decision is a singularly undemanding one.") ("UFCW Local
464A)").

Here, there is ample evidence to support the arbitrator's decision.  Acme and
the Union both submitted documentary evidence, including the register records for
the transactions involving Plaintiff or his Preferred Card and Plaintiff's statement.
Although George's and Plaintiff's versions of events may be contradictory, the
arbitrator heard testimony from both George and Plaintiff as to their recollections
of the relevant events.  Both parties submitted briefs discussing in detail their
construction of the evidence, including whether Plaintiff requested his shop
steward and how Plaintiff's statement came to be written.  In his award, the

arbitrator discussed what of this evidence he credited and why.  That Plaintiff

disagreed with the outcome of how the arbitrator weighed the evidence is not

sufficient for this Court to vacate the arbitrator's reasoned decision.

In large measure, Plaintiff's reasons that the arbitration award should be

vacated are nothing more than a claim that the arbitrator improperly assessed the

credibility of George and Plaintiff at the hearing, especially with regard to the

content of the video tape, how Plaintiff's statement came to be written, and whether

Plaintiff asked for his shop steward.  In the Third Circuit, a "reviewing court

cannot overturn an award even if, in the court's opinion, the arbitrator incorrectly

decided the merits, applied the law, found the facts, assessed the credibility of

witnesses, or weighed the testimony."  UFCW Local 464A, Inc., 2006 WL 932061,

at *2 (citing News Am. Publ'n Inc. Daily Racing Form Div. v. Newark

Typographical Union Local 103, 918 F.2d 21, 24 (3d Cir. 1990) (en banc)).

Otherwise, Plaintiff has failed to provide any evidence in support of his

claims.  Plaintiff admits that he does not know what is meant by the allegation in

his Initial Complaint that he was "unduly estopped" from presenting his case.

(Stmt. ¶ 55)  There is also no evidence that the arbitrator was biased against the

Union.  Plaintiff refers to the arbitrator disagreeing and deciding objections against

the Union, but provides no specific examples other than the sort of ordinary

evidentiary and procedural issues which arise during arbitration.  Furthermore, that

the arbitrator asked Plaintiff's father to be quiet when Plaintiff admits that he interrupted the progress of the arbitration, is not evidence of bias, but rather that the arbitrator was attempting to maintain order during the proceeding.

Therefore, Plaintiff cannot satisfy his high burden for vacating an arbitration award and his claims to do so should be dismissed with prejudice as a matter of law.

## IV.     <u>CONCLUSION</u>

As established above, each of Plaintiff's allegations fails as a matter of law. Accordingly, for any and all of these reasons, Defendants Acme Markets, Inc. and Robert George respectfully request that the Court grant this Motion for Summary Judgment and dismiss Plaintiff's Initial and Amended Complaints in their entirety, with prejudice.

Respectfully submitted,

*/s/ Kelly L. Bannister*
Elizabeth A. Malloy, Esq. (admitted *pro hac vice*)
Kelly L. Bannister, Esq.
BUCHANAN INGERSOLL & ROONEY, PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555

*Attorneys for Defendants*
*Acme Markets, Inc. and Robert George*

Dated:  July 2, 2009

#2141964-v2                                            22